UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
HOP HING PRODUCES INC.,                        :
                                               :    **SUMMARY ORDER ADOPTING IN
                          Plaintiffs,          :    PART AND MODIFYING IN PART
                                               :    REPORT AND RECOMMENDATION**
             -against-                         :
                                               :    1:11-cv-06334 (DLI) (RLM)
SUNRISE FOOD MARKET INC. et al.,               :
                                               :
                          Defendants.          :
                                               :
----------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Hop Hing Produces Inc. ("plaintiff") filed this action under the Perishable Agricultures Commodities Act on December 28, 2011. Plaintiff named three defendants – two were served on January 6, 2012, (*see* Summons Returned Executed, Jan. 17, 2012, Doc. Entry Nos. 3-4) and the third, Xiang Yang Xia, has never been served. Neither of the two served defendants, Boda Market Inc. or Sunrise Food Market, Inc., has appeared. On April 26, 2012 U.S. Magistrate Judge Roanne L. Mann issued an Order to Show Cause, (the "April 26 Order to Show Cause") why the case should not be dismissed for lack of prosecution, and advised that failure to comply with the order would result in a recommendation that the case be dismissed. (*See* Order to Show Cause, Doc. Entry No. 5.) Plaintiff filed a response the next day, April 27, 2012, stating that, in view of the court's April 26 Order to Show Cause, "we shall be submitting our motion for default judgment within ten (10) days against the non-appearing defendants." Plaintiff also requested the court grant additional time in which to effectuate service upon defendant, Xiang Yang Xia. (*See* Response to Order to Show Cause, Doc. Entry No. 7.) That same day, the Magistrate Judge issued an order (the "April 27 Order") denying without prejudice plaintiff's request for additional time to serve defendant Xiang Yang Xia and ordering plaintiff to

1

move for default against the two other defendants by May 7, 2012.  (*See* Endorsed Order*,* Apr. 27, 2012, Doc. Entry No. 8.)  Plaintiff did not move for default.

On May 15, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal with prejudice for lack of prosecution, noting that "contrary to plaintiff's assurance and in violation of a court order" plaintiff failed to move for default against the two served defendants within ten days, took no further action in the case, and had neither effectuated service on defendant Xiang Yang Xia after more than 120 days since the filing of the lawsuit nor shown good cause for its failure to do so.  (*See* R&R, Doc. Entry No. 9.)  Plaintiff timely objected.  (*See* Plaintiff's Objection ("Objection"), Doc. Entry No. 10.)  For the reasons set forth below, the R & R is adopted in part and modified to the extent that plaintiff is granted leave to file a motion for default judgment as to the two served defendants no later than August 23, 2012 or face dismissal of the complaint for failure to prosecute.

**DISCUSSION**

**I.  Legal Standard**

When a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects.  *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997).  The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Pursuant to FED. R. CIV. P. 41(b), a court may dismiss a complaint with prejudice if plaintiff fails to prosecute or comply with a court order.  Dismissal is "a harsh remedy to be utilized only in extreme situations."  *Theilmann v. Rutland Hospital, Inc.*, 455 F. 2d 853, 855 (2d

Cir. 1972). When determining whether to dismiss a complaint pursuant to FED. R. CIV. P. 41(b), the court may look to: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F. 2d 930, 932 (2d Cir. 1988) (internal citation and quotations omitted).

Pursuant to FED. R. CIV. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action with prejudice against that defendant or order service be made within a specific time, unless plaintiff shows good cause for the failure to serve the defendant timely.

## II. Analysis

The Magistrate Judge recommends dismissal of this action pursuant to FED. R. CIV. P. 41(b) because plaintiff failed to pursue its claim diligently, violated a court order aimed at moving the case forward, and has not shown good cause for its failure to serve defendant, Xiang Yan Xia, despite the expiration of more than 120 days since the filing of the complaint. (*See* R&R, Doc. Entry No. 9.) Plaintiff objects and requests: (1) additional time to serve the individual defendant, Xiang Yang Xia, and possible new defendants whose names have recently been made known to plaintiff, (2) dismissal against Xiang Yang Xia be done without prejudice and (3) plaintiff be permitted to proceed with a default judgment immediately. (Objection, Doc. Entry No. 10.)

a. *Dismissal For Failure To Prosecute*

Plaintiff argues in its Objection that its failure to take any action before May 7, 2012, as ordered by the Magistrate Judge, was due to "inadvertence." (*Id.*) Plaintiff's counsel claims he did not receive the April 27 Order of the Magistrate Judge, because the ECF transmission was "obviously misplaced." Counsel only took note of the April 27 Order when he received the May 15, 2012 R&R, recommending dismissal. (*Id.*) However, "inadvertence" does not explain why plaintiff failed to follow the Federal Rules of Civil Procedure and file default motions once there was no answer. It is not the court's obligation to educate plaintiff as to its duties under the law. Notably, the Magistrate Judge's April 27 Order went directly to the same email address that plaintiff's counsel has been using for notifications of filings throughout this case, as demonstrated by the electronic receipt. Counsel has continuing obligation to check his email accounts on a regular basis and take note promptly and timely of all court orders.

Further, plaintiff does not explain why it failed to file a motion for default within ten days of its April 27, 2012 submission, as plaintiff told the court it would. In plaintiff's Response to the Order to Show Cause, plaintiff stated it had spent time serving subpoenas to obtain information about Boda Inc. and Sunrise Inc. in order to facilitate the service of the remaining defendant, but never explained the reason for its inaction as to the already served and non-appearing defendants, to justify the need for additional time to move for default. (*See* Response to Order to Show Cause*,* Doc. Entry No. 7; Objection, Doc Entry No. 10.) Instead, plaintiff represented to the court it would file a motion for default judgment against the non-appearing defendants within ten days and the Magistrate Judge accepted this representation in allowing plaintiff to so move before making any further determinations. The Magistrate Judge's April 27 Order, which was "misplaced" by plaintiff, directed plaintiff to do what plaintiff had already

promised to do: file a motion for default by May 7, 2012.  Upon filing the Response to the Order to Show Cause, plaintiff was aware of the representation it had made to the court and, therefore, plaintiff's explanation of inadvertence is insufficient to excuse its failure to file a timely motion for default judgment.

This court makes a *de novo* determination regarding whether the action should be dismissed pursuant to FED. R. CIV. P. 41(b).  First, plaintiff took no action in this case for four months and apparently had no intention to do anything until it was prompted into action by the Magistrate Judge's April 26 Order to Show Cause.  Second, plaintiff was put on notice by the April 26 Order to Show Cause that failure to comply with that order could result in dismissal. (*See* Order to Show Cause, Doc. Entry No. 5.)  Plaintiff clearly received the Electronic Order of April 26 and, while plaintiff responded immediately (on April 27, 2012), plaintiff did not follow through on its representation to the court that it would move for default within ten days and thus failed to comply with the April 27 Order.  (*See* Response to Order to Show Cause, Doc. Entry No. 7.)  The Court finds it difficult to believe plaintiff's counsel could receive the Electronic Order of April 26 and fail to receive the second Electronic Order filed the very next day.  At best counsel's excuse is disingenuous, and at worst, it is false.

Significantly, plaintiff filed the complaint on December 28, 2011, but has failed to diligently pursue its claims and serve one of the three defendants since then.  It is unclear to what extent defendants are being prejudiced by further delay, because they have either not appeared despite being served or have not been served.  What is clear is that plaintiff has failed to comply with its obligation to prosecute this case in a timely fashion pursuant to the Federal Rules of Civil Procedure and to comply with court orders.  Plaintiff not only has made empty promises to the Court of future action, but also has made what the Court considers, at best, disingenuous and,

5

at worst, false representation to the court explaining its inaction. However, given the fact the case was filed less than a year ago, plaintiff has until August 23, 2012 to file a motion for default judgment as to defendants Boda Market Inc. and Sunrise Food Market, Inc. Failure to comply with this order will result in dismissal with prejudice.

      *b.*     *Dismissal For Failure To Serve Defendant, Xiang Yang Xia*

Over 120 days have passed since the complaint was filed and plaintiff has yet to serve defendant, Xiang Yang Xia. Pursuant to FED. R. CIV. P. 4(m), this action is dismissed with prejudice, because plaintiff has not shown good cause for its failure to serve Xiang Yang Xia, nor demonstrated reasonable efforts to serve Xiang Yang Xia, despite being given several opportunities to do so. Plaintiff's request for additional time to serve Xiang Yang Xia is denied and the complaint is dismissed with prejudice as to Xiang Yang Xia.

## CONCLUSION

For the reasons discussed above, the R & R is adopted in part and modified in part. The complaint is dismissed with prejudice as to defendant, Xiang Yang Xia, pursuant to FED. R. CIV. P. 4(m). Plaintiff must properly file a motion for default judgment as to defendants Boda Market Inc. and Sunrise Food Market, Inc. no later than August 23, 2012 Failure to do so will result in dismissal of the complaint with prejudice for lack of prosecution.

SO ORDERED.

Dated: Brooklyn, New York
       August 16, 2012

                                        /s/
                              DORA L. IRIZARRY
                           United States District Judge